IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 12-0056-WS |
| | ) | |
| LORENZO TAYLOR, JR., | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter is before the Court on the defendant's "Motion Styled as a: Request for Sentence Correction under Section/Rule 60(b)(1)." (Doc. 251). The motion focuses on a "claim of breach of plea agreement." (*Id*. at 4). As relief, the defendant "would like for the terms of my plea to be honored." (*Id*. at 6). The defendant insists the plea agreement called for a 240-month maximum sentence, and he wants his 360-month sentence reduced accordingly. (*Id*. at 3).

According to the defendant, any breach of the plea agreement "took place during sentencing." (Doc. 251). The defendant was sentenced in September 2015, over four years before he filed the instant motion. No relief is possible at this late date.[1] The defendant seeks "correction" of his sentence, but a court can correct a sentence only "[w]ithin 14 days after sentencing." Fed. R. Crim. P. 35(a). After that date, the trial court loses all power to act under Rule 35(a). *E.g., United States v. Phillips*, 597 F.3d

---

[1] The defendant notes that, in the Fifth Circuit, "an alleged breach of a plea agreement may be raised despite a waiver provision." *United States v. Roberts*, 624 F.3d 241, 244 (5th Cir. 2010). (Doc. 251 at 4). The Eleventh Circuit has indicated that an appeal waiver may or may not bar an appeal based on breach of the plea agreement, depending on the language of the waiver. *United States v. Williams*, 189 Fed. Appx. 883, 884 (11th Cir. 2008). The question is moot, however, because the defendant has not filed an appeal, and the deadline for doing so expired four years ago.

1190, 1197 (11th Cir. 2010); *United States v. Diaz-Clark*, 292 F.3d 1310, 1317 (11th Cir. 2002); *United States v. Morrison*, 204 F.3d 1091, 1094 (11th Cir. 2000).[2]

Invoking Rule 60(b)(1) does not improve the defendant's situation. This rule applies to, and authorizes relief from, only *civil* judgments; it cannot be employed to secure relief from a *criminal* judgment. "Rule 60(b) simply does not provide for relief from judgment in a criminal case, and as such the defendant cannot challenge the criminal [sentence] at issue under Fed.R.Civ.P. 60(b)." *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998).

Even if the defendant had any procedural vehicle available to assert breach of a plea agreement, his motion would fail, as there plainly was no breach. The defendant pleaded guilty to Counts One, Three and Four of the second superseding indictment. (Docs. 191, 197, 202). Pursuant to Rule 11(c)(1)(C), the plea agreement identified the agreed sentence as 360 months, which included 240 months on Count Three, a consecutive 120 months on Count Four, and a concurrent 120 months on Count One. (Doc. 197 at 5, 10). The Court at sentencing accepted the agreement and imposed the 360-month sentence to which the defendant had agreed. (Doc. 232 at 2).[3]

The defendant says he "was promised, but in a stealthlike fashion and told by counsel that the 240 months would be capped." (Doc. 251 at 3). The defendant's claim, however, is for breach of the plea agreement; the terms of the plea agreement are established by that document, not by what defense counsel may or may not have stated. Nor could the defendant, in the face of the explicit language of the plea agreement, have

---

[2] A "clerical error" can be corrected at any time, Fed. R. Crim. P. 36, but the defendant does not seek to correct an inconsistency between the sentence the Court orally imposed and the sentence reflected in the written judgment. Nor could he, since the written judgment perfectly parallels the Court's oral pronouncement of judgment. Instead, the defendant seeks a substantive reduction in his sentence from 360 months to 240 months, and "Rule 36 … … cannot be used … to make a substantive alteration to a criminal sentence." *United States v. Pease*, 331 F.3d 809, 816 (11th Cir. 2003).

[3] The defendant was sentenced to 360 months on Count Three, a concurrent 240 months on Count One, and a consecutive (to Count One) 120 months on Count Four. (*Id.*).

[] 2

believed that the government had agreed to cap to his sentence at 240 months. The defendant, by signing the plea agreement, declared that he "underst[oo]d" the agreement and "voluntarily agree[d] to it." (Doc. 197 at 13). He further acknowledged that the only agreement was that contained in the document, to the exclusion of verbal agreements outside the document. (*Id*.). He further confirmed that "[t]here have been no promises from anyone as to the particular sentence that the Court will impose." (*Id*. at 3). The defendant repeated these assertions at his guilty plea hearing. Even if the defendant really believed his sentence would be capped at 240 months, the government did not agree to any such cap and therefore did not breach any such non-existent agreement.

The defendant elsewhere states he "was under the impression that only 25 years would be given." (Doc. 251 at 2). The plea agreement did leave open the possibility of such a sentence. The government agreed that, *if* the government decided to allow the defendant to cooperate, and *if* the defendant cooperated, and *if* the government decided his cooperation was full, complete, truthful and substantial, and *if* the government decided his cooperation resulted in substantial assistance in the investigation and prosecution of another criminal offense, *then* the government would move for a downward departure so that the total sentence would be 25 years rather than 30 years. (Doc. 197 at 5-6, 7-10). The decision whether to allow the defendant to cooperate was "reserved solely to the United States in the exercise of its discretion." (*Id*. at 7). The determination whether the defendant's assistance was full, complete, truthful and substantial, and the determination whether it resulted in substantial assistance in the investigation and prosecution of another criminal offense, were "specifically reserved by the United States in the exercise of its sole discretion." (*Id*. at 9). At sentencing, the government declined to seek a 25-year sentence, on the grounds that the defendant's information had not resulted in substantial assistance in the investigation and prosecution of another criminal offense. Because the plea agreement expressly allowed the

government to make that decision in its unfettered discretion, the government did not breach the plea agreement by making that decision.[4]

The defendant next claims the government breached the plea agreement by "supporting" the presentence report ("PSR"), which established an offense level of 42, even though the plea agreement stipulated both an offense level of 30 and the defendant's entitlement to reductions in that offense level. (Doc. 251 at 3-4). The plea agreement, however, says nothing about the guideline range, other than to preserve the defendant's ability to appeal a sentence in excess of the guideline range. (Doc. 197 at 11-12).

The defendant says that, regardless of any breach by the government, the guidelines were incorrectly calculated, giving him a right to appeal under 18 U.S.C. § 3742(a)(2). (Doc. 251 at 4). As explained in note 1, *supra*, any right of appeal the defendant may have had expired almost four years ago. Moreover, the defendant in the plea agreement waived the right to appeal anything but a sentence either above the statutory maximum or above the high end of the guideline range, (Doc. 197 at 11-12), and he does not allege his sentence was above the guideline range. Finally, the defendant through counsel affirmatively denied any objections to the PSR and its guideline calculations, (Doc. 222), a representation repeated at sentencing.

---

[4] Untethered to any claim for relief, the defendant denies being aware the Court was not bound by the parties' plea agreement. (Doc. 251 at 4). The assertion is untenable. The plea agreement, which the defendant signed and acknowledged his understanding of, states that the parties' agreement as to the appropriate sentence would become binding on the Court only "once the court accepts the plea agreement." (Doc. 197 at 5). The Court at the guilty plea hearing explicitly informed the defendant that it would decide at sentencing whether to accept or reject the plea agreement and that, should it reject the agreement, the defendant would have the option of withdrawing his guilty plea. The defendant expressly confirmed that he understood this. Moreover, even could it be believed that the defendant did not understand the Court was not bound by the plea agreement, the defendant could not have been harmed by his misapprehension, since the Court did accept the plea agreement at sentencing and sentenced the defendant consistently with that agreement.

In an apparent effort to sidestep his appeal waiver, the defendant also insists that his sentence exceeds the statutory maximum. (Doc. 251 at 4). Again, the defendant's right to appeal expired in 2015. In any event, his unexplained assertion is incorrect. As noted, the defendant pleaded guilty to Counts One, Three and Four. Count One charged the defendant with criminal conspiracy in violation of 18 U.S.C. § 924(o). The statutory maximum penalty for such an offense is 20 years. *Id*. The defendant was sentenced to 20 years on Count One, which does not exceed the statutory maximum. Count Three charged the defendant with kidnapping in violation of 18 U.S.C. § 1201(a)(1) and (g). The statutory maximum penalty for such an offense is life imprisonment. *Id*. § 1201(a). The defendant was sentenced to 30 years on Count Three, which is less than the statutory maximum. Count Four charged the defendant with a firearm offense in violation of 18 U.S.C. § 924(c)(1)(A). The statutory maximum penalty for such an offense is life imprisonment. *United States v. Pounds*, 230 F.3d 1317, 1319 (11th Cir. 2000). The defendant was sentenced to 10 years on Count Four, which is less than the statutory maximum.

The defendant's second request for relief is that "section(s) of 924(o) and 924(c) be examined to assure fairness." (Doc. 251 at 6). The defendant argues that the language of these provisions is so similar that convicting him of both charges and having his sentences on those convictions run consecutively resulted in a "double counting" and a "sentence exsplosion [sic]." (*Id*. at 2, 3, 5). Even were it not too late to assert such a challenge, the defendant in the plea agreement waived the right to do so. (Doc. 197 at 11-12).

In any event, there is nothing improper about charging a defendant with a violation of both statutes or with running the resulting sentences consecutively. Section 924(o) requires an agreement with a second person to violate Section 924(c) but does not require an actual violation of Section 924(c); Section 924(c) does not require an agreement with a second person but does require an actual violation of Section 924(c). *United States v. Daniels*, 345 Fed. Appx. 514, 521 (11th Cir. 2009). The two statutes therefore create two

separate offenses.  *United States v. Luong*, 627 F.3d 1306, 1310-11 (9th Cir. 2010); *United States v. Clay*, 579 F.3d 919, 933 (8th Cir. 2009); *United States v. Stubbs*, 279 F.3d 402, 409 (6th Cir. 2002).  And because they are separate offenses, the government may pursue both to conviction.  *United States v. Robinson*, 627 F.3d 941, 958 (4th Cir. 2010).  Because Congress has expressly provided that "no term of imprisonment imposed on a person under this subsection [Section 924(c)] shall run concurrently with any other term of imprisonment imposed on the person," 18 U.S.C. § 924(c)(1)(D)(ii), courts are legally required to make a sentence under Section 924(c) run consecutively to a sentence under Section 924(o).  *United States v. Raphael*, 487 Fed. Appx. 490, 504 (11th Cir. 2012); *United States v. Payne*, 148 Fed. Appx. 804, 806, 809 (11th Cir. 2005).

Finally, the defendant references *United States v. Davis*, 139 S. Ct. 2319 (2019).  (Doc. 251 at 2, 5).  Section 924(c)(1)(A) makes it unlawful to carry, possess, brandish or discharge a firearm during and in relation to "any crime of violence or drug trafficking crime."  Section 924(c)(3) defines a "crime of violence," in part, as a felony offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  The *Davis* Court held that "§ 924(c)(3)(B) is unconstitutionally vague," 139 S. Ct. at 2336, and the Eleventh Circuit has held that *Davis* applies retroactively to defendants, like this one, whose convictions and sentences became final before *Davis* was handed down.  *In re: Hammoud*, 931 F.3d 1032, 1039 (11th Cir. 2019).  The defendant, however, was not charged with discharging a firearm in connection with a crime of violence but, rather, "during and in relation to a drug trafficking crime."  (Doc. 191 at 7-8).  *Davis* is therefore irrelevant to his sentence.

For the reasons set forth above, the defendant's motion for sentence correction is **denied**.

DONE and ORDERED this 10th day of December, 2019.

                                      s/ WILLIAM H. STEELE
                                      UNITED STATES DISTRICT JUDGE