# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA  ) | |
| ) | |
| v.   ) | CRIMINAL NO. 12-0056-WS |
| ) | |
| LORENZO TAYLOR, JR.,  ) | |
| ) | |
|     **Defendant.**  ) | |

## ORDER

The defendant was convicted and sentenced in 2015. (Docs. 202, 232). He did not appeal, and he did not file a motion to vacate under 28 U.S.C. § 2255. His first post-sentencing filing was made in September 2019 and consisted of a "request for sentence correction under Section/Rule 60(b)(1)." (Doc. 251). The Court denied the motion on multiple grounds, including that Rule 60(b) "cannot be employed to secure relief from a *criminal* judgment." (Doc. 253 at 2 (emphasis in original)).

The defendant next sought relief in July 2022, in the form of a "motion for relief from a judgment or order pursuant to Federal Rules of Civil Procedure … Rules 60(b)(4) and (6)." (Doc. 273). The Court again denied relief on the grounds that "Rule 60(b) simply does not provide for relief from judgment in a criminal case …." (Doc. 274 at 1 (internal quotes omitted)).

Almost a year later, in July 2023, the defendant appealed that ruling. (Doc. 275). The defendant later filed a motion for leave to proceed on appeal in forma pauperis, (Doc. 279), which the Court denied for the familiar reason that, because Rule 60(b) does not provide a vehicle for relief from a criminal conviction or sentence, his appeal was frivolous and not taken in good faith. (Doc. 280).

The defendant has now filed a "motion for issuance of a certificate of appealability." (Doc. 283). The order for which the defendant seeks such a certificate is the order denying his 2022 motion under Rule 60(b). (*Id*. at 2). Had the defendant filed a motion to vacate, had such a motion been denied, and had the defendant then filed a Rule

60(b) motion challenging the Court's ruling on the motion to vacate, the defendant would have employed Rule 60(b) correctly, and he would require a certificate of appealability as a prerequisite to appeal.  As noted, however, the defendant never filed a motion to vacate, and his Rule 60(b) motions were filed as an attack on his conviction and sentence, not as a challenge to a (non-existent) ruling on a (non-existent) motion to vacate.  The defendant's usage of Rule 60(b) continues to be futile, and his pursuit of a certificate of appealability is both unnecessary and meritless.

For the reasons set forth above, the defendant's motion for issuance of a certificate of appealability is **denied**.

DONE and ORDERED this 19th day of December, 2023.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE